IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-359-D
No. 5:15-CV-367-D

| | |
|---|---|
| ANTONIO DEMETRE SPEARMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On July 30, 2015, Antonio Demetre Spearman ("Spearman") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 235-month sentence [D.E. 26]. On February 4, 2016, the government moved to dismiss Spearman's motion and filed a supporting memorandum [D.E. 31, 32]. On February 11, 2016, Spearman filed another section 2255 motion [D.E. 35]. On February 16, 2016, Spearman responded in opposition to the government's motion to dismiss [D.E. 36]. As explained below, the court grants the government's motion to dismiss and dismisses Spearman's section 2255 motions.

I.

On February 22, 2011, pursuant to a written plea agreement [D.E. 22], Spearman pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("count one") and distributing a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1) ("count two"). See [D.E. 21, 22]. On June 9, 2011, the court sentenced Spearman to 235 months' imprisonment on count one and 60 months' imprisonment on count two, with the terms of imprisonment to run concurrently. See [D.E. 24, 25]. Spearman did not appeal.

On July 30, 2015, Spearman moved to vacate, set aside, or correct his sentence [D.E. 26]. Spearman cites Johnson v. United States, 135 S. Ct. 2551 (2015), and argues that his North Carolina breaking-and-entering convictions no longer constitute "violent felon[ies]" under 18 U.S.C. § 924(e). See [D.E. 26] 3–7. Therefore, Spearman argues, he no longer qualifies as an armed career criminal, and the statutory maximum for count one is 120 months' imprisonment. See id. Spearman makes substantially the same argument in his February 11, 2016, motion under section 2255 and in his reply brief. See [D.E. 35, 36].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

In Johnson, the Supreme Court invalidated the residual clause contained within the Armed

2

Career Criminal Act's definition of "violent felony." Johnson, 135 S. Ct. at 2563; see 18 U.S.C. § 924(e)(2)(B)(ii) (defining the term "violent felony" to include any felony that is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"). The Supreme Court, however, did not invalidate the enumerated offenses in section 924(e)(2)(B)(ii), including burglary. Johnson, 135 S.Ct at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses . . . ."); see 18 U.S.C. § 924(e)(2)(B)(ii). Spearman's convictions under North Carolina law for breaking and entering, PSR ¶¶ 12–13, qualify as burglaries within section 924(e)(2)(B)(ii)'s enumerated-offenses provision. See, e.g., United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014); United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) (per curiam) (unpublished); United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009); United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005). Accordingly, Spearman has failed to state a claim.

After reviewing the claim presented in Spearman's motion, the court finds that reasonable jurists would not find the court's treatment of Spearman's claim debatable or wrong and that the claim does not need encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 31], DENIES a certificate of appealability, and DENIES Spearman's motions to vacate [D.E. 26, 35].

SO ORDERED. This 29 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge

3